IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK OATS, JR., | ) |
|            Plaintiff, | ) |
| vs. | ) Case No. 3:23-CV-3037-MAB |
| ROBERT HOFFMAN and CODY SOWELS, | ) |
|            Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion for summary judgment on the issue of exhaustion filed by Defendants Robert Hoffman and Cody Sowels (Doc. 52). For the reasons explained below, the motion is denied.

### BACKGROUND

Plaintiff Roderick S. Oats, Jr., an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights stemming from an incident on July 17, 2021, when he was attacked by another inmate in the segregation yard cage at Menard Correctional Center (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on an Eighth Amendment failure to protect claim against John Doe #1 and "C/O Sanders, both correctional officers at Menard, for failing to prevent the attack on Plaintiff (Doc. 7). It was later determined that John Doe #1 was

Correctional Officer Robert Hoffman and the officer that Plaintiff identified as "Sanders" was actually Cody Sowels (Doc. 26).

Defendants filed their motion for summary judgment on December 16, 2024 (Doc. 52; *see also* Docs. 53, 56). Plaintiff filed a response in opposition (Doc. 54; *see also* Docs. 55, 59, 61), to which Defendants filed a reply (Doc. 64).

The parties agree that there is only one relevant grievance: emergency grievance #233-8-21, dated August 2, 2021 (*see* Doc. 52, Doc. 54; *see also* Doc. 56, pp. 16–20). Defendants argue this grievance does not suffice to exhaust as to them because they were not named or described in the grievance (Doc. 52, p. 8). Defendants also argue that the grievance was not fully exhausted because Plaintiff did not send it to the ARB on time (Doc. 52, p. 7). Plaintiff counters that he did not know Defendants' names and therefore could not include them in his grievance (Doc. 54, p. 1), and that he mailed his appeal to the ARB as soon as he got the grievance back from the warden, but it apparently went missing (Doc. 54, pp. 2–3).

## LEGAL STANDARD

Summary judgment is proper only if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court's role is not to determine the truth of the matter, and the court does not "weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021). Instead, the court's task is to view the record and draw all reasonable

inferences in the light most favorable to the non-moving party and decide if there is a genuine material dispute of fact that requires a trial. *Stewart*, 14 F.4th at 760; *Hansen v. Fincantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust, the Seventh Circuit has held that any disputed factual questions can and should be resolved by the judge (rather than a jury) as a preliminary matter in an evidentiary hearing known as a "*Pavey* hearing." *Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023) (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). *Accord Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015); *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014).

## DISCUSSION

The Prison Litigation Reform Act provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). Exhaustion is an affirmative defense, which the defendants bear the burden of proving. *Pavey*, 663 F.3d at 903 (citations omitted). In order for a prisoner to properly exhaust his or her administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Failure to do so means failure to exhaust. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

However, an inmate is required to exhaust only those administrative remedies that are available to him. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Administrative remedies become "unavailable" when,

for example, prison officials fail to respond to a properly filed inmate grievance or when prison employees thwart a prisoner from exhausting. *Pyles*, 829 F.3d at 864; *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002); *Dole*, 438 F.3d at 809**.**

As an individual in IDOC custody, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 ILL. ADMIN. CODE § 504.800, *et seq.* (2017). Emergency grievances are submitted directly to the warden. *Id.* at § 504.840. If the warden finds that an emergency exists, then he/she shall expedite processing of the grievance and respond to the offender. *Id.* If the inmate is unsatisfied with the warden's decision, the inmate can appeal to the Administrative Review Board ("ARB") for a final determination by the Director of the IDOC. *Id.* at § 504.850(a), (d), (e). The appeal must be received by the ARB within 30 days after the date of the warden's decision. *Id.* at 504.850(a).

**A. Failure to Name or Describe Defendants**

Defendants argue that emergency grievance #233-8-21 does not suffice to exhaust as to them because they were not named or described in the grievance (Doc. 52, p. 8). The Illinois Administrative Code requires grievances to name or at least describe each person "who is the subject of or who is otherwise involved in the complaint"20 ILL. ADMIN. CODE § 504.810(c). If the offender does not know the names of the individual, he "must include as much descriptive information about the individual as possible." *Id.* In short, the grievance must provide sufficient information to identify the defendant as the target of the complaint or to implicate them in the alleged wrongdoing. *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) (explaining "fatal defect" in grievance was "the absence of

anything in it to indicate that [the defendant] was the target.").

In the grievance at issue, Plaintiff states in pertinent part that on the morning of July 17, 2021, he was strip searched and handcuffed, then searched again with a mental detector, and escorted to recreational yard (Doc. 56, pp. 18–19). "[Plaintiff] was then placed in the yard cage with two other [inmates]," who were both handcuffed (*Id.*). "When the c/o un-handcuffed the first person, [Plaintiff] was attacked and stabbed numerous times in the head" (*Id.*). After "the c/o" stopped the assault, Plaintiff was taken to the infirmary (*Id.*). In the Relief Requested section of the grievance, Plaintiff wrote, "That Menard C.C. Staff be held responsible for failure to protect me" (*Id.*).

Plaintiff contends that he did not identify Defendants in the grievance because he did not know their names (Doc. 54, p. 1). (The Court has little difficulty believing Plaintiff's contention given that he still did not know the officers' names by the time he filed suit over two years later.) The Court finds that, under the circumstances, Plaintiff's failure to name or describe Defendants in his grievance is not fatal to this lawsuit. The grievance made clear that Plaintiff was complaining about the officers who were running the yard at the time of the incident. All prison officials had to do was look at the Incident Reports to see the names of those officers (Doc. 22-1, pp. 73–74). Plaintiff's inability to provide officials with information that was otherwise readily available to them had no discernible impact on the prison's ability to investigate and process the grievance. The grievance was decided on the merits by the facility and was not rejected for failing to specifically identify the officers connected to Plaintiff's complaint (*see* Doc. 56, p. 20). Consequently, the Court finds that the grievance was sufficient to cover Defendants

Hoffman and Sowels even though they were not named or described in the grievance *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2013) ("He complained about an administrative decision—the cancellation of AHI services—and it belies reason to suggest that prison administrators at Lawrence were unaware of who was responsible for that decision."); *Randall v. Schoenbeck*, No. 3:22-CV-2146-MAB, 2024 WL 1174459, at *5 (S.D. Ill. Mar. 19, 2024) (grievance challenging Adjustment Committee's decision was sufficient to exhaust as to the Committee members although they were not expressly named in the grievance); *Hall v. Maue*, No. 12-CV-0204-MJR-SCW, 2014 WL 722399, at *7 (S.D. Ill. Feb. 25, 2014) ("[T]he undersigned finds that Plaintiff adequately identified the Defendants in his grievance as it was very clear, when read in conjunction with the disciplinary report, who the individuals were Plaintiff was referring to."). This aspect of Defendants' motion for summary judgment is denied.

B. **Appeal to the ARB**

Defendants argue that the grievance was not fully exhausted because Plaintiff did not send it to the ARB on time (Doc. 52, pp. 7–8). Defendants' evidence shows that the grievance was denied by the warden on September 23, 2021 (Doc. 56, p. 20), and returned to Plaintiff on September 24, 2021 (Doc. 56-1). Plaintiff then signed the "Offender's Appeal to the Director" portion of the grievance on September 25, 2021 (Doc. 56, p. 20). However, the ARB received the grievance for the first time approximately 10 months later, on July 22, 2022 (*Id.* at p. 16). The grievance was received with a letter from Plaintiff in which he stated "on 9-23-21 [the grievance was denied by the chief administrative officer [and] on 9-25-21 I appealed it and sent it to ARB . . . [but] I never heard anything

since" (*Id.* at p. 17). Plaintiff added that Menard is known for throwing away grievances and asked the ARB for an update on the status of his grievance (*Id.*). Plaintiff's note was of no effect; the ARB returned the grievance without addressing it because it received the appeal more than 30 days after the warden's decision (*Id.* at p. 16).

Defendants acknowledged Plaintiff's allegation in the complaint that he wrote to the ARB in June 2022 and again in July 2022 to check on the status of his appeal, and that he included receipts for the cost of mailing those letters (Doc. 52, pp. 3, 7; *see also* Doc. 1, pp. 1, 17, 18). (The July letter is the one the ARB responded to (*see* Doc. 56, pp. 16–17)). Defendants also acknowledge Plaintiff theorized that his appeal may have been thrown away by Menard officials (Doc. 52, p. 7). Defendants contend, however, that Plaintiff's excuse is "so outrageous" that "it should not be believed," especially since Plaintiff has not presented any "valid and documentary proof that someone threw away [his] appeal" (*Id.* at 7, 9).

The Court finds Defendants' outrage misplaced. The Court wonders how Plaintiff could possibly present "documentary proof" to support his allegation that his grievance was destroyed. Moreover, Plaintiff's contention that he submitted his appeal at Menard to be mailed but it never turned up at the ARB is hardly novel. Many inmates over the years have complained that their grievances disappeared at Menard. In fact, the issue was so prevalent that it prompted Menard to change the way grievances are submitted and documented at the facility; inmates now personally place their grievance in a locked box rather than in the bars of their cell for pickup, and each grievance is entered in an internal grievance log, which tracks the grievance through each step of the process (*see, e.g.,* Doc.

56-1).

Plaintiff alleged in his verified complaint that he submitted his appeal to the ARB on September 25, 2021, but never heard back from the ARB until he followed up months later with two letters (Doc. 1, p. 4).[1] Plaintiff maintained that contention in responding to Defendants' motion for summary judgment (Doc. 54, pp. 2, 3). He further asserted, albeit in an unsworn fashion, that he was unable to place the appeal in the mailbox himself and he had to place it in the bars of his cell to be mailed, which he did on September 25, 2021, and it was collected that night (*Id.* at p. 2). The Court finds that Plaintiff's collective statements are sufficient to establish an issue of fact as to whether his appeal went missing through no fault of his own, thus rendering the grievance process unavailable.[2] Resolving this issue will require an evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Consequently, this aspect of Defendants' motion for summary judgment is denied.

---

[1] A verified complaint is one in which the movant has declared the factual allegations contained therein to be true under penalty of perjury or sworn them to be true in front of a notary. *See James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020) (citing *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996)); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also* 28 U.S.C. § 1746 (setting forth requirements for verification under penalty of perjury in an unsworn declaration). The sworn statements of fact may be treated as the equivalent of an affidavit and constitutes competent evidence. *See James,* 959 F.3d at 314; *Dale*, 376 F.3d at 655.

[2] Defendants reply brief argues that Plaintiff failed to comply with Local Rule 56.1's requirement to respond directly to each of their stated Material Facts and that any additional undisputed additional material facts that he set forth should be disregarded because they are unsupported by evidence (Doc. 64, p. 2). But even if the Court were to agree with Defendants' argument and accept all of Defendants' facts as admitted and disregard everything Plaintiff said in his summary judgment response, Plaintiff's sworn statement from his complaint is still enough to establish an issue of fact.

## CONCLUSION

Defendants' motion for summary judgment on the issue of exhaustion (Doc. 52) is **DENIED.** If Defendants want to continue to pursue the affirmative defense of failure to exhaust administrative remedies with respect to the issue of whether Plaintiff submitted a timely appeal to the ARB, they must request a *Pavey* hearing within 14 days of this Order. If no request is made, the Court will enter a scheduling order for discovery on the merits of this case. Alternatively, the parties may request that this case be referred for alternative dispute resolution.

    IT IS SO ORDERED.

    DATED: September 30, 2025

                                                  *s/ Mark A. Beatty*
                                                **MARK A. BEATTY**
                                                **United States Magistrate Judge**